UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | |
| ) | No. 4:06-CV-1064 (CEJ) |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| BETONSPORTS PLC,  ) | |
| ) | |
| Defendant.  ) | |

### NOTICE OF SERVICE OF PROCESS ON BETONSPORTS PLC

Plaintiff, United States of America, hereby provides the Court with information regarding efforts to serve the defendant, BETONSPORTS PLC, and requests the Court to find that these efforts have been adequate to require the defendant to appear in this matter, that the defendant has nevertheless not appeared in this matter, and that entry of default by the defendant is therefore appropriate. In the alternative, the United States requests the Court to direct that service be made on the defendant pursuant to the Hague Convention,[1] and provide for an extension of the Temporary Restraining Order ("TRO") issued in this matter on July 17, 2006, and currently extended through August 14, 2006, until that service can be effected. Additionally, the United States will provide a copy of this Notice to counsel for BETONSPORTS PLC, and request that the defendant waive service as provided for in Rule 4(d), Federal Rules of Civil Procedure.

---

[1] Service Abroad of Judicial and Extrajudicial Documents, 1969 WL 97765 (U.S. Treaty) entered into force February 10, 1969.

**I.     STATEMENT OF FACTS**

The defendant is a publicly-held holding company with principal offices in London and Costa Rica.  The defendant operates Internet gambling "sportsbook" web sites and toll-free telephone services.  The Federal Grand Jury for the Eastern District of Missouri returned an Indictment against the defendant alleging Racketeering Conspiracy [Title 18, United States Code, §1962(d)], violations of the Wire Wager Act [Title 18, United States Code, §1084] and other violations of federal criminal law.  The Indictment, returned on June 1, 2006, was sealed while the Government sought to arrest individual co-defendants outside the United States.  The Indictment was unsealed when criminal case co-defendant David Carruthers was arrested in Texas on July 16, 2006.  Defendant Carruthers, a citizen of the United Kingdom, was arrested while in transit through the United States en route to Costa Rica.  At that time, Mr. Carruthers was the Chief Executive Officer of BETonSPORTS.com, a wholly-owned subsidiary of the defendant.  On July 17, 2006, other individual defendants resident in the United States were arrested, and this Court issued the TRO against BETSONSPORTS PLC.

At the time that David Carruthers was arrested, he was also a director of BETONSPORTS PLC.  As a Director of BETONSPORTS PLC, Carruthers was served with a copy of the Indictment and a summons requiring BETONSPORTS PLC to appear before the Honorable Mary Ann L. Medler, Magistrate Judge for the Eastern District of Missouri, on July 31st, 2006 at 11:30 pm.  Carruthers was also served with a copy of the TRO on July 18, 2006.  According to statements in the press made by the defendant, BETONSPORTS PLC subsequently fired defendant Carruthers from his position as Chief Executive Officer of BETonSPORTS.com and removed him from the BETONSPORTS PLC Board of Directors.  See the attached Affidavit

2

of Special Agent David Rizi, incorporated herein by reference, which sets out the facts regarding service on this defendant.

Despite its extensive operations in the United States (see, e.g., the Affidavit of Det. Brian Mize filed herein on July 17, 2006), BETONSPORTS PLC has no known physical presence in the United States. After defendant Carruthers was removed from the defendant's Board, counsel for the Government continued to ensure that the defendant was served by other means. On July 26, 2006, a copy of the Complaint and a Summons [requiring the defendant to appear before this Court on July 31st, 2006, at 2:00 pm] was served on attorney Steven Cohen, who had been retained to advise BETONSPORTS PLC regarding the civil and criminal proceedings in the United States. Mr. Cohen states that he does not represent BETONSPORTS PLC, and he refused to accept service for the defendant.[2] On that date, July 26, 2006, the Government also sent copies of the Complaint and Summons via facsimile to the BETONSPORTS PLC offices in London and Costa Rica. A copy of the Complaint and Summons were served on the Missouri Secretary of State's Office in Jefferson City, Missouri, pursuant to Mo. Rev. Stat. §409.541.

On July 31, 2006, the various defendants in the criminal case appeared before the Honorable Mary Ann L. Medler, Magistrate Judge for the Eastern District of Missouri, except for BETONSPORTS PLC. At 2:00 pm on that date [July 31st], the time specified in the Summons, this Court conducted proceedings in this case. Despite prior service of the TRO on its then-Director, David Carruthers, and despite tendered service of the Complaint, Summons and all supporting documentation to its counsel, BETONSPORTS PLC did not make an appearance.

---

[2] A copy of the Complaint and Summons were also sent to Mr. Cohen via facsimile.

In subsequent communications with the undersigned, Mr. Cohen stated that his client had determined not to appear in either proceeding at this time.

## II.  REQUIREMENTS FOR SERVICE OF PROCESS ON FOREIGN DEFENDANT

Service of civil process is governed by Rule 4 of the Rules of Civil Procedure. Section (h) of Rule 4 states:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals . . . or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . .

Sections (f)(1), (2)(A), (2)(B), (2)(C), (3) and (h)(2) of Rule 4 govern service on corporations in a foreign country. The applicable portion of the Rule states that such service may be made:

> (f)(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if . . . the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice;
> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
> (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the law of the foreign country, by (i) delivery to the individual personally of a copy of the summons and the complaint; or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
> (3) by other means not prohibited by international agreement as may be directed by the court.

## III.  ARGUMENT: BETONSPORTS PLC HAS BEEN ADEQUATELY SERVED

### A.  Service on BETONSPORTS PLC DIRECTOR

As provided by Rule 4, BETONSPORTS PLC was served with the TRO when a copy

was delivered to a Director of the company present in the United States. The Director was also provided a copy of the Indictment, and a summons to appear on the criminal charges. Thus, BETONSPORTS PLC was given actual notice of the civil and criminal proceedings in the Eastern District of Missouri. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694,707, 108 S.Ct. 2104, 2112, 100 L.Ed.2d 722 (1988).

    **B.**    **Service on BETONSPORTS PLC Counsel**

Copies of the Summons and Complaint were served on an attorney retained to advise BETONSPORTS PLC. While that attorney stated that he was not authorized to accept service of process on behalf of the defendant, the Ninth Circuit has held that such service was adequate, coupled with actual notice to the offshore defendant via electronic mail. Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1013 (9th Cir. 2002). In a situation similar to this, the Rio Hotel and Casino in Las Vegas sought to serve an Internet gambling web site operator who was located in Costa Rica. The Rio was attempting to protect its registered trademarks, which it contended the web site operator was infringing. The defendant did not maintain an office or employ an agent in the United States, but did retain counsel to advise it regarding the litigation. That lawyer refused to accept process, but the district court granted the plaintiff's motion for alternative service on the attorney under Rule 4. The Ninth Circuit Court stated: "We expressly agree with the districts court's handling of this case and its use of Rule 4(f)(3) to ensure the smooth functioning of our courts of law." Id. at p. 1016.

    **C.**    **Service on BETONSPORTS PLC in London and Costa Rica**

The issue of the adequacy of the service via facsimile to BETONSPORTS PLC at its offshore offices depends upon the interplay of Rule 4 and the Hague Convention. Article 10(a)

of the Convention provides:

> Provided the State of destination does not object, the present Convention shall not interfere with –
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, . . .

The First, Second, Third, Fourth, Fifth, Seventh, Ninth, Eleventh and District of Columbia Circuit Courts have interpreted this Article to allow alternative service consistent with the Convention.[3]  However, the Eighth Circuit Court has not.  In <u>Bankston v. Toyota Motor Corporation</u>, 889 F.2d 172, 174 (8th Cir. 1989), the Court ruled that "sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention."

However, the United States has, as described above, attempted to serve the defendant in compliance with Missouri State statute as an alternative to service under the Hague Convention.[4] Mo. Rev. Stat. §351.594 provides that service on a foreign corporation may be made by registered or certified mail addressed to any person designated as a director or officer of the corporation at any place of business of the corporation.  However, the statute further states that this is not the only, or required means of serving a foreign corporation.  In this case, the United States made service upon the defendant by electronic facsimile to its places of business in London and Costa Rica.  This service is sufficient under the Missouri statute.

---

[3] <u>See</u> "Service of Process by Mail in International Civil Actions As Permissible Under Hague Convention," 112 ALR Fed. 241, §3(b) (1993), collecting cases.

[4] The United States made service upon the Missouri Secretary of State on July 26, 2006. However, counsel for the Government was mistaken in reading State statute to provide for this form of alternative service in this situation.

As the defendant's public conduct and statements demonstrate, BETONSPORTS PLC has actual knowledge of this proceeding. BETONSPORTS PLC has also obtained counsel to advise it regarding this proceeding, and the statements of that counsel also demonstrate that the defendant is well aware of the Complaint and Summons. And, as the pleadings in this matter clearly demonstrate, BETONSPORTS PLC was conducting operations in the Eastern District of Missouri, and the conduct alleged in the Complaint is based on those operations. Therefore, this Court is warranted in asserting its jurisdiction over the defendant.

## IV.   THIS COURT HAS JURISDICTION OVER BETONSPORTS PLC

The jurisdiction of the Court over defendant BETONSPORTS PLC depends upon two factors: (1) whether the conduct alleged is covered by the applicable "long arm" jurisdictional statute, and (2) due process requirements. United States v. Bliss, 108 F.R.D. 127 (E.D.Mo. 1985). See also Bird v. Parsons, 289 F.3d 865, 871-72, 874-75 (6th Cir. 2002). Mo. Rev. Stat. §506.500 states:

> 1. Any . . . corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such . . . corporation . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> (1) The transaction of any business within this state: . . .

In this case, BETONSPORTS PLC conducted business in the State of Missouri, specifically, in the Eastern District of Missouri, as alleged in the Complaint and the Affidavit attached to the Complaint.

The Due Process evaluation is based upon five factors: (1) the nature and quality of the defendant's contacts with the jurisdiction; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the jurisdiction; and (5) the convenience of the

parties.  Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977); see also Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982).  In this case, the defendant came to Missouri to conduct an illegal gambling business; BETONSPORTS PLC sent advertising to the State, sent employees to St. Louis to solicit U.S. residents to place sports bets on the phone and over the Internet, and interacted with and took money from residents of Missouri through Western Union and other financial institutions located in the State.

Given the nature, quality and quantity of the defendant's operations in this jurisdiction and in the United States generally, as well as the direct relation of the instant cause of action to the defendant's contacts with this jurisdiction, and in light of the Government's strong interest in enforcing the criminal law and the jurisdiction of its courts, requiring BETONSPORTS PLC to respond to the allegations in the Complaint does not violate the defendant's right to Due Process under the Fourteenth Amendment.  The defendant will not suffer any inconvenience in being required to respond in these proceedings that would serve to outweigh the harm to the United States described in the Complaint.  Therefore, the Court's exercise of jurisdiction in this matter is appropriate.

**VI.   CONCLUSION**

The United States has made alternative service upon BETONSPORTS PLC as provided for by the Rules of Civil Procedure and State statute.  Absent any claim to the contrary by the defendant, this Court should consider service as properly made, until such contrary claim is brought before the Court.  Therefore, the United States requests the Court to determine that the defendant is subject to entry of default for failure to appear on July 31, 2006, and that the United

States may move for default judgment in this matter.   Alternatively, the United States requests that the Court extend the TRO issued in this case, to allow the United States to effect service pursuant to the Hague Convention.

    Respectfully submitted this 1st day of August, 2006.

                              CATHERINE L. HANAWAY
                              United States Attorney

                              s/Michael K. Fagan
                              MICHAEL K. FAGAN, #6617
                              Assistant United States Attorney
                              111 South 10th Street, Room 20.333
                              St. Louis, Missouri 63102
                              (314) 539-2220

                              s/Marty Woelfle
                              MARTY WOELFLE
                              Trial Attorney
                              U.S. Department of Justice
                              Organized Crime & Racketeering Section
                              1301 New York Ave., Room 705
                              Washington, D.C. 20005
                              (202) 353-2373