```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
           Plaintiff,           )
                                )
    vs.                         )    No. 4:06CV1064 (CEJ)
                                )
BETONSPORTS PLC,                )
                                )
           Defendant.           )
```

**MEMORANDUM AND ORDER**

Before the Court is the "Notice of Service of Process of BETONSPORTS PLC" filed by plaintiff United States of America. Plaintiff asks the Court to find that its efforts to serve defendant BETONSPORTS PLC ("BOS") are adequate to require defendant to appear in this matter. In the alternative, plaintiff asks the Court to direct that service be made on defendant pursuant to the Hague Convention.

**I.  Background**

According to the plaintiff, defendant BOS is a publicly-traded holding company, incorporated in the United Kingdom. Plaintiff states that BOS has principal offices in London and in Costa Rica; the corporation has no known physical presence in the United States. In an indictment filed on June 1, 2006, defendant BOS and a number of individuals and entities are charged with various racketeering, fraud, and illegal gambling offenses. On June 17, 2006, the government brought this civil action to enjoin BOS from continuing to operate conducting illegal gambling businesses

through Internet sites and toll-free telephone services. A temporary restraining order was entered on that same date.

On July 16, 2006, David Carruthers, then a director of BOS, was arrested in Texas in connection with the pending criminal case. On July 18, 2006, plaintiff served copies of the indictment and temporary restraining order on Carruthers, but did not serve copies of the complaint and summons on him. Reportedly, the defendant thereafter removed Carruthers from its board of directors.

After learning of Carruthers removal, plaintiff attempted various methods to obtain service on defendant. On July 26, 2006, it faxed copies of the complaint and summons on Steven Cohen, an attorney who had been retained to advise the defendant on the criminal and civil proceedings. However, Mr. Cohen stated that he did not represent defendant and refused to accept service on the defendant's behalf. Also on July 26, 2006, plaintiff faxed copies of the summons and complaint to defendant's offices in London and Costa Rica. Finally, plaintiff served copies of the summons and complaint on the Office of the Missouri Secretary of State in Jefferson City, Missouri, pursuant to Mo. Rev. Stat. § 409.541. Plaintiff now acknowledges that the Missouri statute is inapplicable in this circumstance, and that service on the Missouri Secretary of State is ineffective.

**II. Discussion**

    **A. Service on David Carruthers**

Plaintiff argues that its service of the indictment and the temporary restraining on Carruthers, who was then a BOS director,

2

gave defendant sufficient notice of the criminal and civil proceedings in the Eastern District of Missouri. Pursuant to Fed. R. Civ. P. 4(h)(1), service upon a foreign corporation can be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Carruthers was not served with a copies of the summons and complaint, either while he was a BOS director or at any subsequent time. Service of the temporary restraining order on Carruthers does not constitute compliance with Rule 4(h)(1). Therefore, the notice to Carruthers is inadequate to effect service on defendant.

**B. Service on Mr. Cohen**

Plaintiff personally served copies of the summons and complaint on Mr. Cohen, whom plaintiff asserts was retained to advise defendant. Plaintiff relies on the Ninth Circuit's opinion in Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1013 (9th Cir. 2002), to support its argument that service upon Cohen was adequate to effect service on defendant pursuant to Rule 4(f)(3).[1]

In Rio Properties, the plaintiff filed an emergency motion for alternate service of process on the foreign defendant. Id. at 1013. Acting pursuant to a court order, plaintiff served the defendant by

---

[1] Fed. R. Civ. P. 4(f)(3) states that "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States: . . . by other means not prohibited by international agreement as may be directed by the court."

e-mail and by way of the defendant's consulting attorney. The Ninth Circuit found that service upon the foreign defendant's consulting attorney was appropriate because he knew of the foreign defendant's legal positions and was in contact with its foreign offices. Id. at 1017. The court also found that service by e-mail to the defendant was also proper. Id. at 1017-18. Throughout the opinion, the Ninth Circuit stated that "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." The case makes it clear that without a court order directing alternate methods of service, the alternate methods are not adequate. Id. at 1014.

The instant case differs greatly from Rio Properties because plaintiff did not seek a court order permitting it to employ an alternate method of service. It did not act pursuant to the Court's direction when it served Mr. Cohen. Therefore, plaintiff's attempts to obtain service on defendant through Mr. Cohen are ineffective.

**C. Service by Facsimile to London and Costa Rica**

Because this is a civil action in which "there is occasion to transmit a judicial or extrajudicial document for service abroad," the Hague Convention on Private International Law may apply. See Volkswagenwerk v. Schlunk, 486 U.S. 694, 699 (1998) (quoting 20 U.S.T. 362, 362). The Convention governs the procedures for effecting service on foreign defendants. However, the Convention only applies to its signatories. The United States and the United Kingdom are signatories to the Convention. However, Costa Rica is

not.[2]  Thus, the permissible methods of service on defendant are less restrictive in Costa Rica than in London, England.[3]  The Court will evaluate whether plaintiff's attempt to serve defendant at its principal office is Costa Rica is adequate.

Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure govern service upon foreign corporations.  According to Rule 4(h)(2), service upon a foreign corporation from which a waiver of service has not been obtained is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f)."  Rule 4(f) provides that service upon individuals in a foreign country who have not waived service may be effected by internationally agreed means.  Rules 4(f)(2)and(3) state:

> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
>> (A) in the manner prescribed y the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction;   or
>>
>> (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

---

[2]See "HccH Hague Conference on Private International Law," *available at* www.hcch.net.

[3]Additionally, the plaintiff's attempt to serve defendant by facsimile transmission to its offices in London do not comply with the Convention.  "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies."  Volkswagenwerk, 486 U.S. at 699.  Therefore, plaintiff's argument that facsimile transmission of the complaint and summons to defendant's office in London constitutes adequate service under Mo. Rev. Stat. § 351.594 cannot stand.

>> (C) unless prohibited by the law of the foreign country, by
>>> (i) delivery to the individual personally of a copy of the summons and the complaint; or
>>> (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court to the party to be served; or
>> (3) by other means not prohibited by international agreement as may be directed by the court.

The Court finds that service of the summons and complaint by facsimile to defendant's office in Costa Rica is insufficient to satisfy Rule 4(f)(2). No evidence has been submitted that this method has been prescribed by Costa Rican law or directed in response to a letter rogatory or letter of request. Further, the facsimile service attempt is not sufficient to satisfy Rule 4(f)(3). As discussed above, this alternative method of service is not authorized by the Federal Rules nor has the Court entered an order approving its use. Therefore, plaintiff's attempt to serve defendant by facsimile transmission to its office in Costa Rica is inadequate to effect service.

The Court finds that all of plaintiff's various attempted methods of service are inadequate. Plaintiff must attempt an acceptable method of service.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must attempt to serve defendant in its office in Costa Rica pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, in the alternative, plaintiff may serve defendant in its office in London, England pursuant to the provisions of the Hague Convention on Private International Law.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 9th day of August, 2006.